1  ROBERT J. ROSATI
   e-mail: robert@erisalg.com
2  THORNTON DAVIDSON, #166487
   e-mail: thornton@erisalg.com
3  ERISA Law Group
   2055 San Joaquin Street
4  Fresno, California 93721-2717
   Telephone:    (559) 256-9800
5  Facsimile:    (559) 256-9795

6

7  Attorneys for Plaintiff, Victoria Wong

8

9              UNITED STATES DISTRICT COURT FOR

10            THE SOUTHERN DISTRICT OF CALIFORNIA

11

12  VICTORIA WONG,                    )   No.:   '12 CV 2917 L    MDD
                                      )
13                  Plaintiff,        )
                                      )   COMPLAINT FOR:
14  v.                                )
                                      )   (1)   DECLARATORY RELIEF FOR LTD
15                                    )         BENEFITS;
                                      )
16  AETNA LIFE INSURANCE COMPANY,     )   (2)   DECLARATORY RELIEF FOR
                                      )         REMAND FOR A FULL AND FAIR
17                  Defendants.       )         REVIEW
                                      )
18                                    )
                                      )
19                                    )
                                      )
20                                    )

21

22

23

24

25

26

27

28

COMPLAINT                          -1-

1     Plaintiff Victoria Wong ("Plaintiff" or "Wong") alleges as follows:

2                            **JURISDICTION**

3        1.     Plaintiff's claims for relief arise under the Employee Retirement Income Security Act

4 of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1). Pursuant to 29 U.S.C. section 1331,

5 this court has jurisdiction over this action because this action arises under the laws of the United

6 States of America. 29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this

7 action.

8                              **VENUE**

9        2.     Venue is proper in the Southern District of California in that Plaintiff is a resident of

10 the City of San Diego, in the County of San Diego, and in the State of California. Therefore, 29

11 U.S.C. section 1132(e)(2) provides for venue in this court.

12                            **PARTIES**

13        3.     Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined

14 by 29 U.S.C. section 1002(7), of the Hobart West Group Inc. Long Term Disability Plan ("The

15 Plan") and thereby entitled to receive long term disability ("LTD") benefits therefrom. Plaintiff was

16 a participant because she was an employee of The Hobart West Group, Inc., for whose employees

17 benefit The Plan was established.

18        4.     Defendant Aetna Life Insurance Company ("Aetna") issued long term disability

19 Group Policy No.: GP-727873 ("The Policy") to The Hobart West Group, Inc. Aetna thereby

20 insured The Plan and is obligated to provide all benefits claimed, and acted on behalf of The Plan in

21 all matters alleged herein, including making the decisions to terminate Plaintiff's LTD benefits and to

22 deny her administrative appeal of that decision.

23             **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24        5.     Plaintiff incorporates by reference Paragraphs 1 through 4 inclusive, of this

25 Complaint

26        6.     Plaintiff was employed by Hobart West Group, Inc. as its Western Regional Facilities

27 Manager.

28        7.     Wong became disabled on December 26, 2005.

8.  The Policy provides long term disability benefits after an elimination period of

90 days, for a which a person under the age of 62 at the time the disability occurred, as was Plaintiff

herein, such benefits potentially could continue to age 67.

9.  The following relevant definitions and provisions are provided in the Policy:

A.  The Policy defines disabled as:

"From the date that you first become disabled
and until Monthly Benefits are payable for 24
months, you will be deemed to be disabled on
any day if:

*  you are not able to perform the
   material duties of your own occupation
   solely because of: disease or injury;
   and

*  your work earnings are 80% or less of
   your adjusted predisability earnings.

After the first 24 months that any Monthly
Benefit is payable during a period of
disability, you will be deemed to be disabled
on any day if you are not able to work at any
reasonable occupation solely because of:

*  disease; or
*  injury

If your own occupation requires a professional
or occupational license or certification of any
kind, you will not be deemed to be disabled
solely because of the loss of that license or
certification."

B.  Reasonable Occupation is defined as:
"This is any gainful activity for which you are; or
may reasonably become; fitted by: education;
training; or experience; and which results in; or can
be expected to result in; and income of more than
60% of your adjusted pre-disability earnings."

10.  The provisions of The Policy regarding the meaning of "total disability" as set

forth in paragraph 9.A are superceded by saved-from-preemption standards of California law.

11.  In evaluating Plaintiff's claims for LTD benefits, Aetna failed and

refused to apply the proper standard of totally disabled. Notwithstanding the specific language of

COMPLAINT                                    -3-

The Policy, as alleged in Paragraph 9.A, under California law total disability within the meaning of the term "any occupation" as contained in a general disability clause is that which prevents the insured from engaging in any occupation or performing any work for compensation and which prevents him/her from working with reasonable continuity in his/her customary occupation or in any other occupation in which he/she might reasonably be expected to engage in view of his/her station and physical and mental capacity. Therefore, California law requires an insurance company to consider: (A) whether the claimant could reasonably be expected to work; recognizing that the fact that the insured may do some work or even the fact that he may be physically able to do so is not conclusive evidence that his/her disability is not total, if reasonable care and prudence require that he/she desist; (B) given the claimant's physical and/or mental capacity; (C) and his or her station in life; (D) to perform the "substantial and material" duties of his/her own occupation; (E) with "reasonable continuity;" and (F) in the usual and customary way.

12.     Here, Aetna failed and refused to:

     A.     utilize the proper standard of totally disabled in its communications with Plaintiff.

     B.     utilize the proper standard of totally disabled in its evaluation of Plaintiff's claim for benefits.

     C.     provide its medical or vocational evaluators with the proper criteria to evaluate whether Plaintiff and was totally disabled.

     D.     Therefore, every evaluation and conclusion Aetna reached terminating Plaintiff's LTD benefits and denying her appeal of that termination was arbitrary and capricious. Aetna failed and refused to apply the proper standard of totally disabled and instead utilized the more restrictive and legally unenforceable definition from The Policy as set forth in Paragraph 9.A.

13.     Wong was granted LTD benefits on or about September 18, 2006, and benefits were paid effective March 27, 2006, the date The Policy's elimination period was satisfied.

1  Aetna determined that due to her disability, Wong was unable to perform the substantial duties of
2  her own occupation as a Regional Facility Manager.

3        14.     By letter dated October 1, 2008, Aetna notified Wong that she met the any
4  occupation definition of disability, and that based on the medical and other relevant information
5  available, she was unable to work at any reasonable occupation, and would continue to receive
6  LTD benefits.

7        15.     By letter dated October 3, 2008, Aetna advised Wong that she might be eligible to
8  receive Social Security disability income ("SSDI") benefits . The letter informed Wong that as
9  long as she was receiving LTD benefits through Aetna, she would be eligible to receive
10 professional representation for her SSDI claim from Allsup, Inc., at no cost to her. The letter
11 enclosed authorization forms for Wong's execution providing Allsup, Inc., the authority to
12 represent her in her SSDI claim. The letter also informed her that her LTD benefits would be
13 reduced should she be awarded SSDI benefits. Wong agreed to representation by Allsup, Inc. for
14 her claim for SSDI benefits.

15       16.     On April 9, 2010, Allsup, Inc., notified Aetna that Wong's initial claim for SSDI
16 benefits had been denied and that it would follow up for appeal. On October 22, 2010, Allsup,
17 Inc. notified Aetna that it had submitted Wong's SSDI appeal and would follow up with
18 information on a hearing date.

19       17.     By letter dated January 3, 2011, Aetna terminated Wong's LTD benefits. The
20 termination letter stated that Aetna had determined that Wong had the "functional capacity to
21 perform other sedentary to light occupations based on [her] education, training, and work history
22 which would provide a reasonable wage." Additionally, the letter advised that information
23 received from Allsup, Inc., indicated that the Social Security Administration had denied her
24 claim for SSDI benefits. The letter also informed Wong that she was entitled to an appeal of the
25 adverse benefit determination; it however failed to describe the information necessary for Wong
26 to submit in order to perfect her claim.

27       18.     Allsup, Inc. notified Aetna on April 21, 2011, that Wong's SSDI claim was
28 pending at the hearing level, that a brief was sent to the office of hearing and appeals, and that

1   Allsup would follow up for a hearing date. Allsup, Inc., notified Aetna on May 24, 2011 that a

2   hearing date had been set for July 22, 2011.

3        19.    Wong submitted her appeal from the termination of her LTD benefits to Aetna on

4   May 24, 2011. The letter was dated March 12, 2011 as it had previously been submitted but not

5   received by Aetna. Wong's treating physician Dr. Steven Nelson also submitted a letter on behalf of

6   Wong.

7        20.    By letter dated September 22, 2011, Aetna denied Wong's appeal from the

8   termination of her LTD benefits, without awaiting the results of the SSA hearing, and informed

9   Wong that its decision was not subject to further review.

10        21.    On October 21, 2011, the SSA rendered its decision on Wong's SSDI claim. The

11   SSA awarded Wong SSDI benefits beginning April, 2010. The SSA Administrative Law Judge

12   found, in pertinent part:

13       "The claimant has had the following medically severe
14       combination of impairments: obesity, post partum pelvic
    instability with associated low back and bilateral hip pain
15       which on October 6, 2009, worsened (20 CFR
    404.1520(c))."

16                          ****

17       "After careful consideration of the entire record, the
    undersigned finds that beginning on October 6, 2009
18       (Exhibits 8F/71 and 10F/2), the claimant has the residual
    functional capacity to perform a substantially reduced range
19       sedentary work as defined in 20 CFR 404.1567(a) because
    the claimant could not stand, walk, or sit in combination an
20       entire eight-hour workday and must avoid all stooping,
    kneeling, crouching, crawling, and unprotected heights."

21                          ****

22       "Beginning on October 6, 2009, the claimant's residual
23       functional capacity declined and prevented the claimant
    from being able to perform past relevant work (20 CFR
24       404.1565)."

25                          ****

26       "Since October 6, 2009, considering the claimant's age,
    education, work experience, and residual functional
27       capacity, there are no jobs that exist in significant numbers
    in the national economy that the claimant can perform (20
28       CFR 404.1560(c) and 404.1566)."

1                                    ****

2          "The claimant was not disabled prior to October 6, 2009,
           (20 CFR 404.1520(f)) but became disabled on that date and
3          has continued to be disabled through the date of this
           decision (20 CFR 404.1520(g))."
4
5          22.    On October 28, 2011, Allsup, Inc. advised Aetna that Wong had been awarded SSDI
6    benefits.
7          23.    The SSA notified Wong of her award of SSDI benefits by letter dated November 8,
8    2011.
9          24.    By letter dated November 18, 2011, Aetna notified Wong of the existence of a
10   claimed overpayment.  According the letter, Aetna was informed by Allsup, Inc., that Wong had
11   received a Social Security Disability Income Benefit effective April 1, 2010, which gave rise to a
12   $12,402.00 overpayment. Aetna demanded repayment of the claimed overpayment.

13                           **FIRST CLAIM FOR RELIEF**
                  **(For Declaratory Relief For LTD Benefits Against Aetna )**

14         25.    Plaintiff incorporates Paragraph 1 through 24, inclusive of this Complaint.

15         26.    Plaintiff has exhausted all administrative remedies required to be exhausted by the
16   terms of the Plan and by ERISA.

17         27.    At all times mentioned herein Plaintiff was, and continues to be, totally disabled
18   under the Policy's definition of totally disabled, as properly construed, and therefore entitled to
19   benefits under the terms of the Policy.

20         28.    ERISA section 503, 29 U.S.C. section 1133 provides:

21
           "In accordance with regulations of the Secretary, every
22         employee benefit plan shall–

23         (1)    provide adequate notice in writing to any participant,
                  beneficiary whose claim for benefits under the plan has
24                been denied, setting forth the specific reason for such
                  denial, written in a manner calculated to be understood
25                by the participant, and

26         (2)    afford a reasonable opportunity to any participant
                  whose claim for benefits has been denied for a full and
27                fair review by the appropriate named fiduciary of the
                  decision denying the claim.

28

---

29.     Aetna  is required to provide claimants full and fair reviews of their claims for benefits pursuant to 29 U.S.C. section 1133 and its implementing Regulations.  Specifically:

A.     The Secretary of Labor has adopted Regulations to implement the requirements of 29 U.S.C. section 1133.  These Regulations are set forth in 29 C.F.R. section 2560.503-1 and provide, as relevant here, that employee benefit plans, including Aetna  herein, shall establish and maintain reasonable procedures governing the filing of benefit claims, notifications of benefit determinations, and appeal of adverse benefit determinations and that such procedures shall be deemed reasonable only if:

    i.     Such procedures comply with the specifications of the Regulations.

    ii.     The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan documents and that, where appropriate, the Plan provisions have been applied consistently with respect to similarly situated claimants.

    iii.     Written notice is given regarding an adverse determination (i.e., denial or termination of benefits) which includes: the specific reason or reasons for the adverse determination; with reference to the specific plan provisions on which the determination is based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; a description of the Plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following a denial on review; if an internal rule, guideline, protocol, or similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion or a statement that such a rule, guideline,

protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

    iv.    Aetna  is required to provide a full and fair review of any adverse determination which includes:

        a.    That a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

        b.    A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information: (1) was relied upon in making the benefit determination; (2) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (3) demonstrates compliance with the administrative processes and safeguards required pursuant to the Regulations in making the benefit determination; or (4) constitutes a statement of policy or guidance with respect to the Plan concerning the denied benefit without regard to whether such statement was relied upon in making the benefit determination.

        c.    The Regulations further provide that for a review that takes into account all comments, documents, records and other information submitted by the claimant relating to the claim, without regard to whether such information was submitted or considered in the initial benefit determination.

COMPLAINT
-9-

d.   The Regulations further provide that, in deciding an appeal of any adverse determination that is based in whole or in part on a medical judgment that the appropriate named fiduciary shall consult with a healthcare professional who has appropriate training and experience in the field of medicine involved in the medical judgment.

e.   The Regulations further require a review that does not afford deference to the initial adverse benefit determination and that is conducted by an appropriate named fiduciary of the Plan who is neither the individual who made the adverse benefit determination that is the subject of the appeal nor the subordinate of such individual.

f.   The Regulations further provide that a healthcare professional engaged for the purposes of a consultation for an appeal of an adverse determination shall be an individual who is neither the individual who was consulted in connection adverse benefit determination which was the subject of the appeal nor the subordinate of any such individual.

g.   The Regulations further provide that, as to disability claims, the plan administrator "shall notify a claimant" of the plan's determination on review within a reasonable time not later than 45 days after receipt of the claimant's request for review by the plan unless special circumstances require an extension of time for processing the claim, in which case written notice of the extension shall be furnished to the claimant prior to the termination of the initial 45 day period and in no event shall such extension exceed a period of 45 days from the end of the initial period.

30.   Aetna denied Plaintiff a full and fair review of her claim for LTD benefits:

   A.   Aetna does not have, or with respect to Wong's claim and appeal, did not follow administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan documents and that, where appropriate, the Plan provisions have been applied consistently with respect to similarly situated claimants.

   B.   Aetna did not give written notice, in reference to its January 3, 2011 letter to Wong, which included: the specific reason or reasons for the adverse determination; with reference to the specific plan provisions on which the determination is based; a description of any additional material or information necessary for Wong to perfect her claim and an explanation of why such material or information was necessary; a description of the Plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following a denial on review;

   C.   Aetna, when terminating Plaintiff's claim for LTD benefits by its letter dated January 3, 2011, did not provide a description of the additional material or information necessary for Plaintiff to perfect her claim or an explanation of why such material or information was necessary, and did not explain that if an internal rule, guideline, protocol, or similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

   D.   Aetna, does not have, or with respect to Wong's appeal, did not follow, the Regulations—which require that a review take into account all comments, documents, records and other information submitted by the claimant relating

1    to the claim, without regard to whether such information was submitted or

2    considered in the initial benefit determination.

3    E.    Wong, through counsel, requested that Aetna provide her with copies of all

4    documents, records, or other information relevant to her claim, as that term is

5    defined by ERISA Regulations.  Aetna failed and refused to provide her with

6    all such documents records and other information, in violation of ERISA

7    Regulations.

8    F.    Aetna, failed to describe the applicable provisions of The Policy in its

9    communications and decisions because saved from preemption California

10    insurance law and standards require Aetna to adopt and implement California

11    specific rules, guidelines, protocols, or other criterion, or statements of policy

12    or guidance with respect to all claimants who reside in California.  Either

13    Aetna has failed to do so, in violation of California law, or Aetna failed and

14    refuse to provide said rules, guidelines, protocols, or other criterion, or

15    statements of policy or guidance to Wong in violation of ERISA.

16    G.    Aetna refused to wait to receive information from Allsup, Inc., on the results

17    of Wong's SSA hearing before deciding Wong's appeal.  Aetna was aware

18    that a hearing had been held, and that a decision would be issued, but decided

19    the LTD appeal without awaiting the results of the SSA hearing. In doing so,

20    Aetna failed to provide a full and fair review to Wong.  Aetna's failure to wait

21    for the SSA's determination was a breach of its fiduciary duties and an abuse

22    of discretion.

23    H.    Aetna failed and refused to provide all relevant documents to Plaintiff for use

24    in her appeal.

25    I.    Defendant Aetna otherwise violated the Regulations.

26    31.    Defendant's denial of Plaintiff's long-term disability benefits was arbitrary

27 and capricious, an abuse of discretion, and a violation of the terms of the Policy.

28    //

32. Aetna is judicially estopped to deny that Plaintiff is disabled because:

    A.    Wong incorporates by reference Paragraph 15, 16, 18, 21, 22, 23, and 24 of this Complaint.

    B.    Defendant required Plaintiff to apply for Social Security Disability benefits, and referred her case to Allsup, Inc. for representation, which representation was paid for by Defendant.

    C.    Aetna routinely does business with Allsup, Inc., and is able to obtain real-time claim updates on SSDI claims. According to Allsup, Inc.'s "AccessAllsup Training Manual,":

> "AccessAllsup.com is a secure, web-based case management tool that enabled clients to refer claims to Allsup and check on the real-time SSDI and overpayment reimbursement status for both individual claims and groups of claims."

    D.    Allsup, Inc., has a patented overpayment collection process. According to its patent, Allsup, Inc. provides its clients, such as Aetna, with:

> "A method of recovering overpayment of long-term disability benefits paid to a claimant by a client after the receipt of Social Security disability insurance payment with client interaction. The overpayment recovery is seamless and provides for preauthorized, automated recovery of overpayments from a claimant's account and increases the percentage collected and reduces the collection time over conevtional methods. The system allows the client selected computer access to participate in and monitor the progress in the award and recovery of the overpayment."

    E.    Plaintiff applied for SSDI benefits with Allsup, Inc.'s representation, and was awarded such benefits after a hearing in which she argued and established that she was entitled to SSDI benefits.

    F.    The Social Security Administration necessarily determined that Wong was incapable of performing not only her own occupation but any occupation in the national economy. Under the Social Security Act, a person qualifies as

COMPLAINT                -13-

disabled and thereby eligible for benefits only if her physical or mental
impairment or impairments are of such severity that she is not only unable to
do her previous work, but cannot, considering her age, education, and work
experience, engage in any other kind of substantial gainful work which exists
in the national economy.  42 U.S.C. § 423(d)(2)(A). Disability under the SSA
means inability to engage in any substantial gainful activity by reason of any
medically determinable physical or mental impairment which can be expected
to last for a continuous period of not less than 12 months;. . . 42 U.S.C. § 423
(d)(1)(A).

G.    Aetna was in a privity with Wong in the SSA proceedings and therefore, with
      Wong asserted therein that Wong could not perform her own occupation or
      any occupation in the national economy, considering her age, education, and
      work experience, and prevailed on that argument.

H.    By virtue of these facts Wong acted in a trustee-like capacity for Aetna in
      obtaining that portion of her SSDI award which reduces Wong's LTD
      benefits; Aetna and Wong successfully argued to the SSA that Wong was
      incapable of performing any occupation in the national economy.

I.    Aetna is therefore judicially estopped to make the opposite argument in this
      action, that is, to argue that given her age, education and experience, Wong is
      capable of performing any occupation.

33.    An actual controversy has arisen and now exists between Plaintiff, on the one hand,
and Aetna, on the other hand with respect to whether Plaintiff is entitled to long-term disability
benefits under the terms of The Policy.

34.    Plaintiff contends, and Aetna disputes, that Plaintiff is entitled to LTD benefits under
the terms of The Policy because Plaintiff contends at all relevant times that she was and is disabled
under the terms of The Policy.

35.    The Policy grants Aetna discretion to decide whether a claimant such as Wong, is
entitled to benefits.  This Court is required to review the termination of Plaintiff's LTD benefits with

COMPLAINT                                    -14-

minimal deference to the Aetna's determination because:

        A.    Aetna is both the administrator and the funding source of benefits for the Plan, and therefore has a conflict of interest;

        B.    Aetna utilized medical experts to review Plaintiff's who had a financial conflict of interest, and therefore did not provide a neutral, independent review process;

        C.    Aetna failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials.

        D.    Aetna failed to apply the proper criteria for determining whether Plaintiff was totally disabled, as required by California law.

        E.    Aetna's decision-making process was affected by its economic self-interest.

36.    Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that Aetna is obligated to pay long-term disability benefits, under the terms of The Policy, retroactive to the first day her benefits were not paid, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of The Policy.

37.    A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

38.    As a proximate result of Aetna 's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of The Policy.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

//

//

//

### SECOND CLAIM FOR RELIEF
**(For Declaratory Relief for Remand and for a Full and Fair Review Against Aetna)**

39.     Plaintiff incorporates by reference Paragraphs 1 through 38, inclusive, of this Complaint.

40.     Aetna was required to accord Plaintiff a full and fair review of her claims for LTD benefits and of her appeal of the termination of her LTD benefits.

41.     Aetna  failed to provide Plaintiff a full and fair review of her claim or a full and fair review of the appeal from the termination of her claims for LTD benefits.

42.     Unless this Court determines that Plaintiff is entitled to LTD benefits retroactive to the date LTD benefits were terminated, this Court should remand the action to the claim administrator, Aetna , and order Aetna  and accord Plaintiff a full and fair review of her claim for benefits and of any further appeal of the termination of her benefits.

WHEREFORE, Plaintiff prays judgment as follows:

1.     For declaratory judgment against Aetna, requiring Aetna to pay long-term disability benefits under the terms of the Policy to Plaintiff for the period to which she is entitled to such benefits, with prejudgment interest on all unpaid benefits, until Plaintiff attains the age of 67 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of the Policy.

2.     Alternatively, if for any reason judgment in favor of Plaintiff is not entered as prayed, for an order remanding the matter to Aetna with instructions to accord Plaintiff a full and fair review of her claim for LTD benefits.

3.     For attorney's fees pursuant to statute against defendant.

4.     For costs of suit incurred.

5.     For such other and further relief as the Court deems just and proper.

Dated: December 7, 2012

                              s/ Robert J. Rosati
                              ROBERT J. ROSATI
                              Attorney for Plaintiff,
                              Victoria Wong